UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEN MARABLE,

                Plaintiff,

v.

MARK NICHTMAN, et al.,

                Defendants.

No. C05-1270MJP

ORDER DISMISSING CASE

       This case comes before the Court on Defendants' Trial Brief (Dkt. No. 85), which raised new, potentially dispositive legal issues in this matter that had not been briefed on summary judgment. On September 22, 2006, the Court held a jury instruction conference with the parties in this matter. At this conference, the Court concluded that the parties were not ready to proceed to trial and decided to postpone the trial for a week. At the conference, the Court outlined several issues on which it desired further briefing. Accordingly, both parties submitted supplemental briefing to the Court on September 25, 2006. (Dkt. Nos. 96 & 97). Defendants' supplemental briefing contained references to the newly decided Ninth Circuit case <u>Freitag v. Ayers</u>, which clarified the Supreme Court's new ruling in <u>Garcetti v. Ceballos</u>. On the basis of this newly received material, the Court issued a minute order to the parties calling for oral argument and outlining topics upon which it would hear argument. (Dkt. No. 99 ). On September 28, 2006, the Court allowed the parties extensive oral argument on the remaining causes of action in this case. Having considered the parties' pleadings, the facts of the case, the materials offered into evidence, and the parties' oral arguments, the Court decided to DISMISS the remaining causes of action in this case.

ORDER - 1

BACKGROUND

The facts of this case are presented in detail in a previous Order issued by the Court in this case (Dkt. No. 64). Plaintiff Ken Marable has worked for the Washington State Ferry System ("WSF") for the last thirty-two years. In that time, he attained the position of Chief Engineer and is the most senior person with that title in the ferry system. Around 2002, Marable claims that he became concerned about various forms of corruption that he was seeing on the job. He claims that he became vocal about the alleged corruption and was viewed as a whistle blower by his superiors Doug Phillips and Mark Nichtman, who are Defendants in this matter. As a result of Mr. Marable's perceived whistle blowing, he claims that Mr. Nichtman and Mr. Phillips retaliated against him by exposing him to Oil Eater 99 (a chemical to which Mr. Marable claims he is allergic) and by suspending him from eighty hours of work and issuing disciplinary letters.

This Court previously considered four motions for summary judgment in this matter. At the end of the summary judgment phase of this case, the only claims remaining in this case were Plaintiff's First and Fourteenth Amendment claims brought under 42 U.S.C. §1983 and Plaintiff's claims of whistle blower retaliation under RCW §42.40.020. The Court employed the summary judgment standard in making the instant rulings.

ANALYSIS

**I. Summary Judgment Standard**

Summary judgment is not warranted if a material issue of fact exists for trial. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 516 U.S. 1171 (1996). The underlying facts are viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "Summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970). However, once the moving party has met its initial burden,

ORDER - 2

the burden shifts to the nonmoving party to establish the existence of an issue of fact regarding an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). To discharge this burden, the nonmoving party cannot rely on its pleadings, but instead must have evidence showing that there is a genuine issue for trial. Id. at 324.

**II. Plaintiff's Whistle Blower Claim**

Defendant claimed in its trial brief that under Washington's whistle blower statute, RCW §42.40.010 et seq., a plaintiff may not maintain a cause of action against individual defendants, but only against the state agency for which the plaintiff works. In support of this argument, Defendants cite RCW §42.40.050, which outlines the forms of retaliation recognized under Washington law against whistle blowers. Defendants argue that these forms of retaliation are institutional, rather than individual, forms of retaliation and that the statute's language referencing an "agency" is consistent with this interpretation. Plaintiff, on the other hand, cites Brown v. Scott Paper, 143 Wash.2d 349, 357-58 (2001), which states that any claim of discrimination, including retaliation, can be brought against an individual. The Plaintiff also points to statutory language in RCW §42.40.030, stating that:

> [a]n employee shall not directly or indirectly use or attempt to use the employee's official authority or influence for the purpose of intimidating, threatening, coercing, commanding, influencing, or attempting to intimidate, threaten, coerce, command, or influence any individual for the purpose of interfering with the right of the individual to: (a) Disclose to the auditor (or representative thereof) information concerning improper governmental action; or (b) identify rules warranting review or provide information to the rules review committee.

RCW §42.40.030(1). A previous section of the state whistle blower statute defines "employee" as "any individual employed or holding office in any department or agency of state government." RCW §42.40.020. The Plaintiff argues that this combination of statutory language shows that individuals may also be held liable for retaliation. The Court rejects this argument.

ORDER - 3

First, in Brown v. Scott Paper, the statute under consideration was RCW 49.60.180, the Washington Law Against Discrimination ("WLAD"). While the WLAD does consider whistle blower discrimination by stating that "[i]t is an unfair practice for a government agency or government manager or supervisor to retaliate against a whistle blower as defined in chapter 42.40 RCW," RCW 49.60.210(2), the Court is mindful that the WLAD and the whistle blower statutes are two separate statutes. In light of this observation, the Court turns to the legislative history behind the whistle blower statute for clarification.

The Washington State Legislature amended the whistle blower statute in 1999 with the hopes that it would become a stronger tool to fight retaliation against state workers who reported wrongdoing by state agencies. The amendments to the original statute are contained in Senate Bill Report SB 5672. Notably, the summary section of the report provides that, "[i]f the whistleblower can prove that a retaliatory action was taken against him or her, then a cause of action for the remedies under the statutes governing the HRC is established. The *agency* presumed to have taken this retaliation action may rebut that evidence. . ." Sen. Bill Rpt. SB 5672, at 2 (WA 1999)(emphasis added). The Court finds that this language in the legislative history, along with the fact that the plain language of RCW §42.40.050 outweighs Plaintiff's attempts to import meaning from the WLAD's statutory scheme into the whistle blower statute. For this reason, the Court holds that causes of action against individual defendants may not be brought under RCW §42.40.010 et seq. Accordingly, Plaintiff Marable's cause of action under this statute is DISMISSED.

**III. Plaintiff's Fourteenth Amendment Claim**

Plaintiff Marable also brought a cause of action under the Fourteenth Amendment for claimed violations of his structural due process rights on the basis of Defendant Nitchman's alleged personal and institutional bias against him during the December 2002 pre-disciplinary hearing over which

ORDER - 4

Nitchman presided. On summary judgment, the Court dismissed Mr. Marable's cause of action based on institutional bias, but allowed the cause of action based on alleged personal bias to go forward due to a discrepancy in the parties' versions of the facts (Dkt. No. 70 at 14-15). Plaintiff also has argued that he believes he has a cause of action under the Fourteenth Amendment against Defendant Phillips. However, Plaintiff never pleaded such a cause of action (See Compl. at ¶¶ 5.1-5.3) and the Court considers Plaintiff's argument on this point to be moot.

In their trial brief, Defendants argued for the first time that Plaintiff Marable did not have standing to pursue a Fourteenth Amendment structural due process claim against Defendant Nitchman because he did not raise these concerns at his disciplinary hearing, or immediately thereafter on appeal. Instead, he waited two years to file a lawsuit alleging these injuries, despite the fact that he was represented by counsel and by a union representative at the time of his disciplinary hearing. The Court finds the Defendants argument to be well-taken.

Plaintiff Marable had a right to appeal his disciplinary action, which he did not, or to grieve Defendant Nitchman's decision, which he chose not to do. Under Washington law, the necessity of timely identifying a fact finder who is disqualified because of alleged bias is well-established:

> A litigant's assertion of the right to disqualify a judge, whether based upon statute or due process considerations, must be timely or the objection is waived. Brauhn v. Brauhn, 10 Wash.App. 592, 518 P.2d 1089 (1974). Once a litigant learns of grounds for disqualification of the judge hearing a matter, she must move promptly to object. Buckley v. Snapper Power Equip. Co., 61 Wash.App. 932, 939, 813 P.2d 125, review denied, 118 Wash.2d 1002, 822 P.2d 287 (1991). "[A] litigant who proceeds to trial knowing of potential bias by the trial court waives his objection and cannot challenge the court's qualifications on appeal." In re Carpenter, 21 Wash.App. 814, 820, 587 P.2d 588 (1978).

In re Duffy, 78 Wn. App. 579, 582 (1995). The same principle also applies in federal cases. The Ninth Circuit has held that a "motion for recusal must be made with 'reasonable promptness after the ground for such a motion is ascertained.'" Skokomish Indian Tribe v. U.S., 410 F. 3d 506, 519 (9th

ORDER - 5

Cir. 2005) (citing Wood v. McEwan, 644 F. 2d 797, 802 (9th Cir. 1981) (holding that waiting sixteen months before moving for recusal resulted in a waiver of this objection.))  Although Mr. Nitchman is not a member of the judiciary, he was acting as a quasi-judicial fact finder in a proceeding governed by the Washington State Ferry's collective bargaining agreement with MEBA (the Marine Employees' Beneficial Association–Mr. Marable's union), which is governed by federal labor law and Washington state's contract principles. In this case, Mr. Marable is alleging retaliation by Mr. Nitchman that began, at the latest, in the Summer of 2002.  There is no reason that Mr. Marable would not have known about Mr. Nitchman's alleged bias at the time of the pre-disciplinary hearing. Because Mr. Marable failed to object to Mr. Nitchman presiding over his pre-disciplinary hearing until two years after the hearing had been held, the Court finds that Mr. Marable has waived his objection to Mr. Nitchman as a fact finder and cannot proceed against him now on a Fourteenth Amendment structural due process theory.  For this reason, the Court must also DISMISS this cause of action.

**IV. Plaintiff's First Amendment Claim**

In its summary judgment ruling on Plaintiff Marable's First Amendment claim (Dkt. No. 72), the Court recognized three different events that could have constituted Mr. Marable's protected speech against Defendants Nitchman and Phillips:  Mr. Marable's complaints about Special Projects to former WSF CEO Mr. Thorne, his March and July 2002 conversations with Department of Transportation auditor Jeri Silvertson, and his September 21, 2001 complaint to the State Executive Ethics Board.  At oral argument, Plaintiff's counsel also claimed that two phone calls from Mr. Marable to Mr. Nitchman also qualified as protected speech.

The problem for the Court on summary judgment was the fact that neither party had explicitly set forth the timing of these events, nor had either party disclosed much information about the

ORDER - 6

contents of the communications to the State Executive Ethics Board or Ms. Silvertson. At that point in the case, the Court made every inference in favor of Plaintiff and decided that an issue of fact existed for trial. As more information regarding these events came to light in the weeks leading up to the trial in this case, the Court realized that there was not enough evidence to support Plaintiff's claim of First Amendment violations. The Ninth Circuit's recent decision in <u>Freitag v. Ayers</u>, ---- F. 3d ----, 2006 WL 2614120 (9th Cir. 2006), informs this Court's analysis.

<u>Freitag</u> is a case involving a female corrections officer who made complaints to the California state department of corrections, as well as a state Senator, and the state Inspector General, regarding the alleged sexually hostile workplace she experienced. <u>Id</u>. In its analysis of this case, the Ninth Circuit clarified and elaborated on the U.S. Supreme Court's recent ruling in <u>Garcetti v. Ceballos</u>, which held that speech engaged in by a public employee in the course of his or her duties cannot qualify as protected speech under the First Amendment. <u>Garcetti</u>, 126 S. Ct. 1951, 1960 (2006). The Ninth Circuit's ruling noted that while Ms. Freitag's complaints to the California Department of Corrections and its director about sexual harassment by inmates was within the purview of her job and did not constitute protected speech, her complaints to a state Senator and the Inspector General's office were outside the mandate of her job and may be considered protected speech. <u>Freitag</u>, 2006 WL 2614120 at *12. The Ninth Circuit remanded the case to the district court to further develop the record on these issues.

Taking the <u>Freitag</u> ruling into consideration, the Court reconsidered its ruling that Mr. Marable's letter to WSF CEO Mike Thorne could constitute protected speech. Under <u>Freitag,</u> the Court found that Mr. Marable's letter alerting his employer of alleged wrongdoing and negligence on the behalf of his supervisors was within Mr. Marable's duties as a Chief Engineer on a boat because such wrongdoing could potentially jeopardize the safety of the vessel. The Court found that a similar

ORDER - 7

analysis prevents the two telephone calls that Mr. Marable made to Mr. Nitchman in October 2002 from being protected speech because Mr. Marable was allegedly complaining about Mr. Phillips' absence from the boat, which he alleged to be a safety issue.

The Court then questioned the parties and reviewed supplemental materials concerning the contents of Mr. Marable's speech to the Washington State Executive Ethics Board and his communications to state DOT auditor Jeri Silvertson. The Defendant offered evidence that Mr. Marable's State Executive Ethics Board Complaint was based on alleged abuses of vacation time by WSF employees Alex Zecha and Hank Tjemsland. (Dkt. No. 97, Ex. 1). The outcome of the ensuing investigation was that Mr. Tjemsland owed $570.56 in wrongly claimed overtime back to WSF. (Id). Plaintiff's counsel offered no objections to these representations. The Court noted that neither Mr. Zecha nor Mr. Tjemsland are parties to this case. The Court found that the contents of this communication were within Mr. Marable's duties as a Washington State Ferry employee and that the mis-claimed $570.56 did not rise to the level of "public concern" needed for a government employee's speech to be protected under the Pickering test. See Pickering v. Board of Education, 391 U.S. 563 (1968). Based on all of these factors, the Court decided that Plaintiff's communication to the Washington State Executive Ethics Board could not serve as a foundation of his First Amendment cause of action.

The Court then turned to examining Mr. Marable's claim that he had talked with DOT auditor Jeri Silvertson regarding his concerns about what he perceived as fraudulent use of Special Projects monies by WSF supervisors. The parties, however, never deposed Ms. Silvertson and no one presented her affidavit to the Court. The only evidence in the record regarding Mr. Marable's communications with Ms. Silvertson was his vague recollection during a deposition that he spoke with a D.O.T. auditor and his own statement in his affidavit. (Marable Dep. at 4, lns. 8-22). In his

ORDER - 8

deposition, Mr. Marable does not offer any details about the contents of this conversation and did not seem to clearly remember the auditor's name.  Mr. Marable's affidavit on this subject provides, in relevant part: "[d]uring the middle of 2002, an auditor named Jeri Silvertson visited me on the Washington State Ferry Puyallup and I described some of the pay padding I had witnessed at the Washington State Ferries." (Marable April 21, 2006 Decl., at 2-3).  This statement is extremely unspecific and was not enough, by itself, for the Court to decide whether or not the statements made to Ms. Silvertson constituted protected speech.  The Court then questioned Mr. Marable's counsel as to whether or not he could make a proffer of evidence as to what Ms. Silvertson when called to testify might tell the jury.  Plaintiff's counsel admitted that he had never spoken to Ms. Silvertson.  Given the complete lack of evidence on the First Amendment cause of action, the Court decided to DISMISS this claim as well and to DISMISS the entire matter on summary judgment.

## CONCLUSION

The Court has decided that Plaintiff cannot bring an individual cause of action under RCW § 42.40.010 et seq., that Plaintiff has waived his objections to Mr. Nichtman as a neutral fact finder by not noting them earlier, and that Plaintiff failed to establish what speech he claimed to be protected in relation to his First Amendment cause of action.  Accordingly, the case is DISMISSED in its entirety and shall not proceed to a jury trial.

The Clerk is directed to send copies of this order to all counsel of record.

Dated this 29th day of September, 2006.

Marsha J. Pechman
United States District Judge

ORDER - 9