UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEN MARABLE,<br><br>               Plaintiff,<br><br>    v.<br><br>MARK NITCHMAN, et al.,<br><br>               Defendants. | Case No. C05-1270MJP<br><br>ORDER DENYING MOTION FOR JUDGMENT AS A MATTER OF LAW |

       This matter comes before the Court on Defendants' motion under Federal Rule of Civil Procedure 50(a) for judgment as a matter of law, filed at the close of Plaintiff's case-in-chief. (Dkt. No. 154.) Defendants argue that they are entitled to qualified immunity. Although qualified immunity issues should generally be decided early in litigation, see Saucier v. Katz, 533 U.S. 194, 200-01 (2001), courts have considered the issue on Rule 50 motions. See Helena v. City of San Francisco, No. C04-0260CW, 2006 WL 1140953, at *9-11 (N.D. Cal. 2006) (granting Rule 50(b) motion for judgment as a matter of law on qualified immunity grounds); Thompson v. City of Tucson Water Dept., No. CIV 01-53-TUC-FRZ, 2006 WL 3063500 (denying Rule 50(b) motion for judgment as a matter of law on qualified immunity); see also Settlegoode v. Portland Pub. Schools, 371 F.3d 503, 513 n.7 (reversing lower court's Rule 50(b) qualified immunity determination).

       Defendants are entitled to qualified immunity if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Settlegoode, 371 F.3d at 512 (quoting Harlow v. Fitgerald, 457 U.S. 800, 818 (1982)). Where,

ORDER — 1

as here, the plaintiff is a government employee claiming a violation of his free speech rights, he must show "(1) that his speech involved a matter of public concern, and (2) that the interests served by allowing him to express himself outweighed the state's interest in promoting workplace efficiency and avoiding workplace disruption." Id. (citing Pickering v. Bd. of Educ., 391 U.S. 563, 568 (1968)). Here, the Ninth Circuit has already determined that Mr. Marable's speech involved matters of public concern. See Marable v. Nitchman, 511 F.3d 924, 932 (9th Cir. 2007). To determine whether Mr. Marable's free speech interests outweigh his state employer's interests, the trier of fact must consider whether Defendants have shown "actual injury to . . . legitimate interests beyond the disruption that necessarily accompanies such speech." Settlegoode, 371 F.3d at 513 (quoting Keyser v. Sacramento City Unified Sch. Dist., 265 F.3d 741, 749 (9th Cir. 2001) (internal quotation marks omitted). Factors relevant to that analysis include whether the speech: "(i) impairs discipline or control by superiors, (ii) disrupts co-worker relations, (iii) erodes a close working relationship premised on personal loyalty and confidentiality, (iv) interferes with the speaker's performance of her or his duties, or (v) obstructs the routine operations of the office." Fazio v. City and County of San Francisco, 125 F.3d 1328, 1331 n.1 (9th Cir. 1997).

Given the evidence presented during the first three days of trial, the Court cannot conclude "that a reasonable jury would not have a legally sufficient evidentiary basis to find for" Plaintiff on these factors. See Fed. R. Civ. P. 50(a)(1). The Court will instruct the jury on these elements and Defendants may renew their motion after the jury renders its verdict. The Court will then revisit the legal issue in light of the jury's findings. Defendants' motion is therefore DENIED.

The clerk is directed to send copies of this order to all counsel of record.

DATED: August 13, 2008.

Marsha J. Pechman
United States District Judge

ORDER — 2